[Crim. No. 921. First Appellate District, Division One.—October 16, 1920.]

## THE PEOPLE, Respondent, v. DAVID G. TAYLOR, Appellant.

[1] CRIMINAL LAW—RAPE—CONVICTION—EVIDENCE—APPEAL.—In this prosecution for the crime of rape, conceding the story of the complaining witness to be rather improbable, it was not such a story as the appellate court could say was unbelievable, and since the jury with all the parties before it believed her story, and disbelieved the contradicting testimony of the accused and of his witnesses, the appellate court could not say that the evidence was insufficient to warrant his conviction.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. N. Young and Pierre A. Fontaine for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

RICHARDS, J.—This is an appeal from a judgment of conviction of the defendant upon the charge of rape. The sole point urged by the appellant is that there was no sufficient evidence to justify the verdict against him or the judgment rendered thereon. In support of this contention the appellant quotes largely from the evidence in the case, which he insists sustains his claim that he was convicted upon the unsupported testimony of the complaining witness, who not only related an improbable story, and one which was unsupported by the facts and circumstances surrounding the alleged rape, but was contradicted by strong and clear testimony in favor of the defense.

We do not deem it necessary or profitable to relate in detail the sordid story which the complaining witness, a colored girl of the age of thirteen years, has told with respect to her ravishment by the defendant, who is also of colored extraction and of the age of fifty-four years at the time of

the trial. The story which the complaining witness related upon said trial, it must be conceded, appears to be quite improbable upon the face of the record presented to us; but the jury in the case saw both the accused and the complaining witness, his accuser, and heard the stories told by each, and also saw and heard the witnesses whom the defendant produced to support his denials of any criminal intercourse with the complaining witness, and whose statements, if believed, would render not only improbable but practically impossible the story which the complaining witness related. The jury had also before it certain facts and circumstances which cast much doubt upon the truth of the statements made by the accused and his supporting witnesses. Some of these facts and circumstances may be briefly referred to: The defendant produced as one of his witnesses a colored woman named Reeves, who testified very strongly in his favor, stating that she was stopping in the defendant's house at the very times when the several acts of intercourse, according to the complaining witness' story, were committed; that she occupied the bed in which the complaining witness also slept and from which the accused called her to his own bed in the adjoining room for the purpose of committing the criminal acts complained of, and that no such occurrences as those to which the complaining witness testified ever took place. The importance of this witness and her testimony to the accused is apparent, and yet the record shows that upon his preliminary examination, wherein he and his son and daughter testified fully, no mention was made by any of them of the presence of this vital witness in his house at the very time the acts complained of were alleged to have been committed. The entire omission of any reference to this witness by the defendant and his other witnesses at the time of the preliminary examination, if she was where she testified she was upon the trial of the case, called for a credible explanation, and the attempt of the accused to explain away this omission was lame and unsatisfactory to a degree that would have justified the jury in believing that her story, related upon the trial, was a tissue of falsehoods.

Again, a letter was produced at the trial purporting to have been written by the defendant to the mother of the complaining witness after the condition of the latter became

known, showing solicitude for his own safety and expressing a willingness to marry the girl. While it is true that this letter also contains a denial of any improper relations with the daughter, it is such a letter as apparently required some explanation as to the circumstances under which it was written. The defendant testified that he did not write the letter himself, but gave its substance in a dictation to his daughter, who wrote and signed the letter on his behalf, and that he did not instruct her to insert the clause in the letter expressing his willingness to marry the girl. This letter was produced upon the trial, and in connection with it there were also produced certain exhibits in the handwriting of the son of the accused. A comparison of these exhibits with the letter shows indubitably that the letter in question was written by the defendant's son and not by his daughter, as testified to by him and also by the daughter. Why the defendant and his witnesses sought so studiously to becloud the authorship of this letter may not be very clear, but one thing is clear, and that is that their stories with reference to its origin and authorship are false. The jury, perceiving this, may well have made application of the instruction given them by the trial court to the effect that if they believed a witness to have sworn falsely in any material part of his testimony, he was to be distrusted in other parts of it.

[1] There are certain other particulars not necessary to be detailed wherein much doubt was thrown upon the truth of the testimony offered by the accused and his witnesses; and this leaves the case in a condition where, conceding the story of the complaining witness to be, upon the cold record before us, rather improbable, it is not such a story as we are prepared to say was unbelievable, and this being so, since the jury with all of the parties before it believed her story, and disbelieved the contradicting testimony of the accused and of his witnesses, we are unable to say that the evidence was insufficient to warrant his conviction. To do so would be to substitute our judgment for that of the jury and for that of the trial court expressed in denying the defendant's motion for a new trial, and this, under the jurisdiction upon appeal committed to us, we have no authority to do. (*People* v. *Fitzgerald,* 138

Cal. 40, [70 Pac. 1014]; *People* v. *Burke,* 18 Cal. App. 80, [122 Pac. 435]; *People* v. *Preston,* 19 Cal. App. 685, [127 Pac. 660].)

Judgment affirmed.

Waste, P. J., and Beasly, J., *pro tem.,* concurred.